CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 1 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN E. LONEWOLF,<br>    Plaintiff, | Civil Action No. 7:13-cv-00519 |
| v. | **MEMORANDUM OPINION** |
| ROCKBRIDGE REGIONAL JAIL, et al.,<br>    Defendants. | By:   Hon. Michael F. Urbanski<br>       United States District Judge |

    John E. Lonewolf, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff names as defendants the Rockbridge Regional Jail ("Jail"), Jail Superintendent John Higgins, Jail Sgt. Steve Garret, and former Jail inmate Joel Benjamin Copper. Plaintiff argues that Defendants are liable for damages because Copper attacked Plaintiff in the Jail after Sgt. Garret allegedly announced to inmates that Plaintiff was a convicted sex offender for raping a nine-year-old girl. After reviewing the Complaint pursuant to 28 U.S.C. § 1915A, the court finds that claims against the Jail and Copper must be dismissed without prejudice.

    To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Jail is not a "person" subject to liability via § 1983, and Plaintiff does not describe any basis for the court to conclude that Copper acted under color of state law when beating Plaintiff at the Jail. See United States v. Price, 383 U.S. 787, 794 (1966) (recognizing a private person who jointly engages with state officials in the challenged action acts under color of law for purposes of § 1983); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (noting a jail cannot be a "person" for purposes of § 1983). Accordingly, Plaintiff cannot proceed in this

action against the Jail and Copper, and the claims against these defendants are dismissed without prejudice. Plaintiff's claims against Sgt. Garret and Superintendent Higgins remain pending before the court.

ENTER: This 20th day of November, 2013.

/s/ Michael F. Urbanski
United States District Judge